### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE F.M.[1],** | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 24-4873** |
| | : | |
| **LELAND DUDEK,** | : | |
| **Acting Commissioner of Social Security,** | : | |
| *Defendant.* | : | |

### MEMORANDUM

**HON. JOSÉ RAÚL ARTEAGA**                                                     **April 28, 2025**
**United States Magistrate Judge[2]**

Plaintiff Denise F.M. seeks judicial review of a decision of the Social Security
Administration pursuant to 42 U.S.C. § 405(g). Defendant Leland Dudek, the Acting
Commissioner of Social Security, moves to dismiss her Complaint as untimely. (ECF 9.)
Denise F.M. opposes his Motion. (*See* ECF 14.) For the reasons set forth in this
Memorandum, Denise F.M.'s request for review is **DENIED**, Defendant's Motion is
**GRANTED**, and Denise F.M.'s Complaint is **DISMISSED**.

---

[1] Denise F.M. is referred to solely by her first name and last initials in accordance
with this Court's standing order addressing party identification in social security cases.
*See* Standing Order, *In re: Party Identification in Social Security Cases* (E.D. Pa. Jun. 10, 2024),
https://www.paed.uscourts.gov/sites/paed/files/documents/locrules/standord/SO_
pty-id-ss.pdf (last visited Mar. 31, 2025).

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge
to conduct all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C.
§ 636(c). (ECF 7.)

I.    BACKGROUND

On September 11, 2023, an Administrative Law Judge ("ALJ") issued a decision finding that Denise F.M.'s disability under Title II ended on February 1, 2020 and that she had not become disabled again since that date. (ECF 9-1 at 3 (Levin Decl. at ¶3(a)).) Denise F.M. subsequently requested Appeals Council review. (*Id.*) The Appeals Council denied her request and notified her of its decision in a letter dated July 9, 2024. (*Id.*)

The letter—which detailed the actions she was required to take to request judicial review of the ALJ's decision—was mailed to Denise F.M. at the address supplied on her request for review, and a copy was directed to her attorney, Jason J. Schibinger, Esquire. (ECF 9-1 at 37-39 (Ex. 2 at 1-3); ECF 14 at 2.) Importantly, the denial letter advised Denise F.M. of her right to file a civil action within sixty days. The letter stated that the sixty days "start the day after you receive this letter. We assume you received this letter 5 days after the date on it *unless you show us that you did not receive it within the 5-day period.*" (ECF 9-1 at 38 (Ex. 2 at 2) (emphasis added).) The letter also instructed that Denise F.M. could, for good reason, ask the Commissioner to extend the sixty-day deadline. (*Id.*)

On September 14, 2024, *i.e.*, two days past sixty-plus-five days from July 9, 2024, Denise F.M. filed her Complaint in this Court appealing the ALJ's decision.  (ECF 1.)  The Commissioner moved to dismiss her Complaint as untimely. (ECF 9.) The Court ordered Denise F.M. to respond to the Motion by December 13, 2024. (ECF 12.) Nevertheless, she did not file her Response until after the Court entered a second Order *sua sponte* extending her response deadline to January 17, 2025. (ECF 13, ECF 14.) Defendant then replied to her brief opposing his Motion. (ECF 16.)

2

II.    **STANDARD OF REVIEW**

Generally, affirmative defenses not listed in Federal Rule of Civil Procedure 12(b) must be asserted in a party's answer. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). However, under "the so-called 'Third Circuit Rule,'" a statute of limitations defense may be raised in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of the action has not been brought within the statute of limitations." *Brown v. Montgomery Cnty.*, 470 F. App'x 87, 90 (3d Cir. 2012) (citing *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

In deciding a motion to dismiss, the Court may consider only "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'")(quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original)).

III.    **DISCUSSION**

Section 405(g) provides that an individual may obtain judicial review of an ALJ's unfavorable decision by filing a civil action "within sixty days after the mailing to [her]

of notice of such decision or within such further time as the Commissioner [ ] may allow."

42 U.S.C. § 405(g). There is a presumption that a Social Security claimant received notice

from the Appeals Council within five days of mailing. *See* 20 C.F.R. § 422.210(c); *see also*

*Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 396 (3d Cir. 2003). Denise F.M. bears the

burden of rebutting the presumption of timely receipt. *Garcia v. Comm'r of Soc. Sec.*, 53 F.

App'x 192, 195 (3d Cir. 2002).

Section 405(g)'s sixty-day period constitutes a statute of limitations, but it is not

jurisdictional. *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986). This limitations period serves

the interests of both the claimant and the government, as it "move[s] cases to speedy

resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. The

sixty-day limit constitutes "a condition on the waiver of sovereign immunity and thus

must be strictly construed." *Id.* at 479.

However, equitable tolling may apply to Section 405(g)'s limitations period. *Id.* at

480. It may be appropriate where: (1) "the defendant has actively misled the plaintiff

respecting the plaintiff's cause of action"; (2) "the plaintiff in some extraordinary way has

been prevented from asserting his or her rights"; or (3) "the plaintiff has timely asserted

his or her rights mistakenly in the wrong forum." *Kramer v. Comm'r of Soc. Sec.*, 461 F.

App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d

1380, 1387 (3d Cir. 1994)). Equitable tolling should "be applied sparingly[,]" *Nat'l R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), and the burden is on Denise F.M. to

establish that it is appropriate. *See Cardyn*, 66 F. App'x at 397 (citing *Courtney v. La Salle*

*Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)).

The Commissioner's decision that Denise F.M. was not disabled after February 1, 2020, became final on July 9, 2024, when the Appeals Council notified her that it had denied her request for review. Applying the five-day presumption, Denise F.M. is presumed to have received the letter by Sunday, July 14, 2024.[3] Thus, to be timely, her Complaint had to be filed by Thursday, September 12, 2024. It is not, however, because she filed it on Saturday, September 14, 2024—two days after the statute of limitations expired.

Mindful that equitable tolling is "to be applied sparingly," Denise F.M. fails to establish any grounds to excuse her non-compliance with the sixty-day limitations period. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. Filing a complaint a few days late, without more, is not enough to justify equitable tolling, and courts have enforced the sixty-day limitation in circumstances like those presented here. *See, e.g.*, *White v. Colvin*, 150 F. Supp. 3d 361, 364 (D. Del. 2015) (dismissing a complaint filed one day after the expiration of 60-day limitations period); *see also Fenimore v. Berryhill*, No. 17-4722, 2018 WL 1942359 (E.D. Pa. Apr. 24, 2018) (dismissing a complaint filed two days after the limitations period expired); *Marty v. Berryhill*, No. 17-3673, 2018 WL 1790343, *2 (E.D. Pa. Apr. 13, 2018) (dismissing a complaint filed four days after the limitations period expired). Denise F.M. has not set forth any circumstances that would justify equitable

---

[3] Denise F.M. argues that "the [fifth] day after the Notice of Appeals Council Action is dated was a Sunday, and there is no mail delivery on a Sunday." (ECF 14 at 5.) This date does not represent the expiration of the limitations period but rather the *start* of that sixty-day period, and she provides no authority to show that the start date has any bearing on the filing deadline for her Complaint.

tolling. She does not allege that she was misled by the Social Security Administration, that "extraordinary circumstances" prevented her from filing her Complaint in a timely manner, or that she mistakenly filed an action in the wrong forum. *See Cardyn*, 66 F. App'x at 398 (finding no justification for equitable tolling "in the absence of any facts demonstrating that [the plaintiff] was prevented in some extraordinary way from timely asserting her rights). *Cf., Roberts v. Berryhill*, No. 16-5531, 2018 WL 1942417, at *6-7 (E.D. Pa. Apr. 25, 2018) (applying equitable tolling where the Social Security Administration told the claimant incorrect information about the status of his claim, causing him to file his complaint outside the statute of limitations). The Appeals Council's letter informed Denise F.M. that she had sixty-days to file an appeal and preserve her rights. In addition, the letter specifically stated that a claimant may ask the Council for an extension of time to file for court review and explained how and to whom such a request must be made. (ECF 9-1 at 5-7 (Ex. 1 at 1-3).) Despite this explicit notice, Denise F.M. failed to take any action to preserve her legal rights. *See Cardyn*, 66 F. App'x at 397-98 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (*per curiam*)).  She does not contend that she requested an extension of the sixty-day limitation or that she communicated with the Social Security Administration in any way before filing her Complaint in federal court.

Notably, nothing in her Complaint suggests that Denise F.M. did not timely receive notice of the Appeals Council's decision. (*See* ECF 1.) Although her opposition brief states that her counsel did not receive the Appeals Council's letter until July 18, 2024, Denise F.M., who was also admittedly mailed a copy of the letter, provides nothing to show that *she* received it *after* the five-day delivery period allowed in 20 C.F.R. §

422.210(c). (*See* ECF 14.)  Indeed, Denise F.M. has not provided any evidence of when she received notice of the Appeals Council denial, nor has she alleged that any specific circumstances existed to prevent her from filing her Complaint in a timely manner. *See Kramer*, 461 F. App'x at 169-70 (rejecting argument for equitable tolling where the plaintiff did not specify the date that he actually received the Appeals Council's notice and did not adequately explain why he could not file his complaint in time). Counsel's statement as to when he received the letter, alone, is insufficient to rebut the presumption of receipt within five days.  *See Garcia*, 53 F. App'x at 194 (holding that the attorney's own affidavits of no actual notice until a certain date did not rebut the presumption of timely receipt).[4] Denise F.M. has not met her burden to establish the date when she received notice of her right to appeal. *See Kramer*, 461 F. App'x at 170. Under the circumstances, the Court must enforce Section 405(g)'s limitations period and dismiss her untimely Complaint.

III.    **CONCLUSION**

For the foregoing reasons, Denise F.M. did not initiate this action until after the limitations period expired, and no circumstances exist to warrant equitable tolling in this case. Accordingly, Defendant's Motion to Dismiss (ECF 9) is **GRANTED** and Denise F.M.'s Complaint (ECF 1) is **DISMISSED** with prejudice.

An appropriate Order follows.

---

[4] Here, Denise F.M.'s counsel neither supplied an affidavit regarding his receipt of the Appeals Council letter nor attached his allegedly "regular kept time records" documenting receipt of the letter to Denise F.M.'s brief opposing dismissal. (ECF 14 at 2.)